**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**AVIS F. CLARK,**

**Plaintiff,**

**vs.** **CASE NO. 1:07CV199-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

**Defendant.**

**_____________________________/**

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A. PROCEDURAL HISTORY

Plaintiff filed an application for DIB and SSI on April 3, 2002, alleging a disability onset date of September 23, 1998, because of hysterectomy, panic attacks, gastroesophageal reflux, hypertension, diabetes, high cholesterol, diabetic retinopathy,

degenerative joint disease, hip and depression. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on November 14, 2004, and entered an unfavorable decision on August 2, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B. <u>FINDINGS OF THE ALJ</u>**

The ALJ found that Plaintiff suffers from several severe impairments: history of hypertension, history of non-insulin dependent diabetes, history of hyperlipidemia, history of diabetic retinopathy, history of degenerative joint disease, right should pain, right elbow pain, and a history of dysthymic disorder, but none of these impairments are severe enough to meet any of the listings. The ALJ found that her impairments caused limitations, but none that prevented her from working. The ALJ found that her hypertension and diabetes were controlled when she was compliant with both her medications and her diet and that her mental condition would limit her to unskilled work and not working with the public and co-workers or with production quotas. The ALJ gave great weight to Dr. Benet's opinion and noted that neither Dr. Benet or any other of her treating sources stated that she was unable to work or had any functional limitations. A vocational expert testified that there were a number of jobs that Plaintiff could perform.

**C. <u>ISSUES PRESENTED</u>**

Plaintiff argues that the ALJ erred in posing an incomplete hypothetical to the vocational expert.

The government responds that although Plaintiff does not specify which limitation should have been included in the hypothetical, the focus of Plaintiff's brief is her psychological condition based upon the examination of Dr. William Benet, but even Dr. Benet found her capable of performing work related activities "that require average understanding and memory but has limited capacity for sustained concentration and persistence, social interaction, and adaptation. The ALJ gave Dr. Benet "great weight" and his findings were included in the hypothetical by limiting her to unskilled work requiring no more than one or two steps and only occasional contact with the public, co-workers and supervisors, and no production quotas.

**D. STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86

F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

## E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff has been treated significantly since 1999 for diabetes, hypertension, and depression. She was frequently found to be non-compliant with her medication and diet

causing blood pressure and diabetic issues, which have resulted in several emergency room visits. Chest x-rays reveal no cardiopulmonary disease and an ECG shows no ischemic heart disease, but possible hypertensive heart disease. X-rays show early degenerative changes in her hips. Eye exams show near perfect vision. Her depression and anxiety have been treated with medication and counseling with mixed and inconsistent results. She continued to appear depressed and have panic attacks frequently. None of Plaintiff's treating physicians suggest that she incapable of working or has significant functional limitations.

**F. SUMMARY OF THE ADMINISTRATIVE HEARING (November 19, 2004)**

Plaintiff was fifty years old at the time of the hearing. She last worked in 1997 as a data entry clerk for Alachua County. Most of her jobs have been secretarial. She describes her depression as making her tired and being tired is mostly why she cannot do household chores or hold a job. She also describes crying spells several times a week. She says she can sit for two hours, but standing and walking make her tired. She has family problems that cause her stress such as a child in jail.

The hypothetical given to the vocational expert was a person of her age, who could sit and stand and lift 10 pounds or less and work around dangerous moving machinery or unprotected heights; have occasional contact with members of the general public, co-workers and supervisors; limited to unskilled work. (R. 762). The ALJ added simple, repetitive work and no production quotas and the expert identified a number of jobs which she could perform at a light exertional level. (R. 762-763). The attorney

posed a hypothetical that the ALJ would not allow, told him to rephrase it, but he declined and the hearing ended.

## G. DISCUSSION

At the fifth step of the evaluation process, the ALJ must determine whether a Claimant, based on his residual functional capacity, age, education and work experience, can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(4). The ALJ may make this determination by reliance upon the Medical Vocational Guidelines or by utilizing the services of a vocational expert. Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995). "It is only when the claimant can clearly do unlimited types of work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

When the ALJ uses a vocational expert, he elicits responses from the expert by posing hypothetical questions to him or her. Phillips, 357 F.3d at 1240. In order for the expert's testimony to constitute substantial evidence to support the ALJ's findings with regard to this point, the ALJ must pose a hypothetical which includes all of Claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the ALJ is only required to pose those limitations he finds severe in the hypothetical to the expert. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ is not required to include in his hypothetical any medical conditions which are controlled by medication. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987).

It is somewhat difficult to discern what Plaintiff's self described limitations are because many of her responses are noted as "inaudible" in the transcript, presumably because she spoke too softly to be recorded, but the responses that were recorded are vague and non specific, despite the ALJ's prodding for specificity. However, reviewing the medical record as a whole, her medical conditions are controlled when she is compliant with her medication and diet, as the ALJ noted, and her depression is being treated as well with varied results. However, the ALJ noted her continued problems with concentration, persistence and pace, and included these difficulties in her hypothetical to the expert who testified that even with these limitations there were a number of jobs which she could perform. It is always significant when a Plaintiff has been treated by a number of health care professionals and none of them suggest that she cannot work or notes no significant functional limitations.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 30th day of July, 2009.

s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**